J-S38045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MELISSA SULE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT J. ECHENBERG M.D. - WOMEN'S HEALTH, PELVIC PAIN AND SEXUAL WELLNESS, P.C. AND ECHENBERG INSTITUTE FOR PELVIC AND SEXUAL PAIN, P.C. AND ROBERT J. ECHENBERG, M.D. | |
| Appellee | No. 3035 EDA 2015 |

Appeal from the Order Entered September 17, 2015
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2014-C-3549

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 22, 2016**

Appellant Melissa Sule appeals from the order granting the summary judgment motion filed by Appellees Robert J. Echenberg, M.D. – Women's Health, Pelvic Pain and Sexual Wellness, P.C. ("WHPPSW"), Echenberg Institute for Pelvic and Sexual Pain, P.C. ("Echenberg Institute"),[1] and Robert J. Echenberg, M.D.  We affirm.

---

[1] Echenberg Institute was formed as a Pennsylvania Corporation after Ms. Sule's employment with WHPPSW ended.  Answer and New Matter, 3/13/2015, at ¶ 10.  Ms. Sule alleged Dr. Echenberg transferred all business interests and assets of WHPPSW to Echenberg Institute and therefore Echenberg Institute was a successor in interest to WHPPSW.  Complaint, filed 11/6/2014, at ¶ 14.

Ms. Sule was a medical receptionist and/or office administrator for WHPPSW. Complaint, filed 11/6/2014, at ¶¶ 20-22; Answer and New Matter, filed 3/13/2015, at ¶¶ 20-22. She alleges that in January of 2013, she was diagnosed with a medical condition that required her to take medical leave for surgery and recovery. *Id.* at ¶¶ 23-25. She alleges she informed Dr. Echenberg of the serious medical condition and required medical leave. *Id.* Ms. Sule maintains that she contacted WHPPSW and Dr. Echenberg on March 25, 2013 regarding the reasonable accommodations she would require when she returned to work. *Id.* at ¶ 28. She alleges WHPPSW and Dr. Echenberg terminated her employment at that time, claiming they no longer needed her. *Id.* at ¶ 29.

In June of 2013, Ms. Sule had contact with the Pennsylvania Human Relations Commission ("PHRC"), which resulted in an assigned claim number of 201204579. In a letter dated June 7, 2013, Sheldon N. Murray of the PHRC enclosed a complaint and informed Ms. Sule of the following:

> [F]or the Commission to proceed with its investigation, you must:
>
> 1. Review the complaint. If there are any errors in the facts as stated, cross through the errors, write in the corrections and put your initials beside the changes you have made.
>
> 2. Sign the two signature pages and return them with the Complaint within ten (10) working days of the letter.
>
> If the complaint is not returned signed on or before June 21, 2013, I will assume that you no [sic] longer interested in pursuing this matter, [then] your complaint will be submitted for suspension of processing.

> However, if because of an emergency and/or reasons of hardship, you are unable to return the complaint on or before June 21, 2013, please contact me IMMEDIATELY, and appropriate and/or reasonable allowances will be made to return your complaint. If you have any questions, please contact me.

Defendant's Motion for Summary Judgment Filed Pursuant to Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, Exh. A ("June 7, 2013 Letter"). Ms. Sule did not return a signed complaint or contact the PHRC following receipt of this letter.

On August 5, 2013, Mr. Murray sent Ms. Sule another letter, which stated:

> The complaint[] I sent out for your review on June 7, 2013 has not been returned to me. If the complaint is not returned signed on or before August 19, 2013, I will assume that you're no longer interested in pursuing this matter, [then] your complaint will be submitted for suspension of processing. However, if because of an emergency and/or reasons of hardship, you are unable to return the complaint on or before August 19, 2013, please contact me IMMEDIATELY, and appropriate and/or reasonable allowances will be made to return your complaint. If you have any questions, please contact me.

Plaintiff's Reply to Defendant's Motion for Summary Judgment, Exh. B ("August 5, 2013"). Ms. Sule also did not return a signed complaint or contact the PHRC following receipt of this letter.

On October 17, 2013, Ms. Sule filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") asserting the same claims of disability-based discrimination as were previously asserted in her June 2013 PHRC claim. This EEOC charge was dually filed with the PHRC.

On November 6, 2014, Ms. Sule filed a complaint in the court of common pleas alleging violations of the Pennsylvania Human Relations Act, 43 P.S. § 952, et al., which, inter alia, prohibits discrimination based on a person's disability. On July 15, 2015, Appellees filed a motion for summary judgment, alleging, inter alia, that Ms. Sule failed to file a timely complaint with the PHRC and therefore failed to exhaust her administrative remedies as required by the PHRA. Ms. Sule filed a response. On September 11, 2015, the trial court conducted a hearing. On September 17, 2015, the trial court granted Appellees' motion for summary judgment and dismissed Appellant's complaint. On September 28, 2015, Ms. Sule filed a timely notice of appeal.

Ms. Sule raises the following issues on appeal:

> Whether the [c]ourt of [c]ommon [p]leas erred in placing the burden of proving that Appellant's PHRC [c]omplaint had not been dismissed by the PHRC before her EEOC [c]harge was filed, in light of the [c]ourt's finding that Appellees had not met their initial burden to establish that Appellant's PHRC [c]omplaint was never dismissed by the PHRC?

> Whether the [c]ourt of [c]ommon [p]leas erred in holding that Appellant's EEOC [c]harge filed with the EEOC did not relate back to the filing date of the timely filed PHRC [c]omplaint and therefore, did not cure the defective verification of the PHRC [c]omplaint?

Appellant's Brief at 8. Ms. Sule's issues are interrelated, and we will address them together.

"[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact

and that the moving party is entitled to judgment as a matter of law." ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa.2010) (quoting ***Atcovitz v. Gulph Mills Tennis Club, Inc.****,* 812 A.2d 1218, 1221 (Pa.2002)). A "trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party" and "must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." ***Id.*** (citing ***Toy v. Metropolitan Life Ins. Co.****,* 928 A.2d 186, 195 (Pa.2007)). Therefore, a trial court "may only grant summary judgment 'where the right to such judgment is clear and free from all doubt.'" ***Id.*** (quoting ***Toy***, 928 A.2d at 195). This Court "may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." ***Id.*** (quoting ***Weaver v. Lancaster Newspapers, Inc.****,* 926 A.2d 899, 902–03 (Pa.2007)).

Ms. Sule alleged Appellees violated the PHRA. A person cannot file a cause of action alleging a violation of the PHRA in the court of common pleas unless he or she first exhausts his or her administrative remedies. 43 P.S. § 962. If a complaint is filed with the PHRC or EEOC, but not resolved by the PHRC or the EEOC within one year of the filing of the complaint, the individual can file a complaint in the court of common pleas. 43 Pa.C.S. § 962(c).

The PHRA provides:

> (a) The complaint shall be filed [with the PHRC] within 180 days from the occurrence of the alleged unlawful discriminatory practice, but the computation of the 180

days does not include a period of time which is excludable as a result of waiver, estoppel or equitable tolling. If the alleged unlawful discriminatory practice is of a continuing nature, the date of the occurrence of the practice will be deemed to be any date subsequent to the occurrence of the practice up to and including the date upon which the unlawful discriminatory practice shall have ceased.

. . .

(c) A complaint will be deemed filed on the date received by the Commission.

(d) Complaints that are not verified or that do not otherwise fully conform with a requirement of a complaint before the Commission will be considered filed on the date received by the Commission but may be quashed, as justice may require, if the nonconformity is not remedied by amendment or otherwise within a reasonable time. Prior to the quashing of a complaint, the Commission will notify the complainant, in writing, and will provide an opportunity to explain why the complaint should not be quashed under this section.

16 Pa.Code § 42.14.

The trial court found:

Here, Appellant argues that she has satisfied the requirements of the PHRA by filing a [c]harge of [d]iscrimination with the EEOC that was jointly filed with the PHRC against WHPPSW and Dr. Echenberg on October 17, 2013, and that more than one year has elapsed since the filing of the [c]harge with the EEOC. Appellees claim that Appellant has failed to exhaust her administrative remedies as the [c]harge of [d]iscrimination was filed outside of the statutorily mandated 180 day time limit from the date of the alleged discrimination and that she is thus, "barred from seeking judicial relief on each count of the [c]omplaint." Appellant admits that October 17, 2013, was outside of the 180 days, but argues that the filing date of her [c]harge of [d]iscrimination should be considered to

be June of 2013, when she filed an initial charge with the PHRC, but failed to verify and return the [c]omplaint mailed to her by the PHRC.[2] The PHRC initially gave Appellant's Claim the Number of 201204579. The October 17, 2013, filing received the EEOC Number of 530201400603 and the PHRC Number of 201400574. It is unknown whether PHRC claim Number 201204579 was dismissed.

. . .

Appellant argues that her initial charge was filed with the PHRC in June of 2013, and that [] the October 17, 2013, filing was simply a revised charge that was filed to correct the defects of the initial charge, namely the lack of a verification attached to the [c]omplaint. In order to commence proceedings under the PHRA the complainant must file "a *verified complaint* with the Commission. The Commission will, thereafter, enter the complaint on its official docket and serve the complaint by sending a copy to each named respondent, within 30 days of the date of the entry of the complaint on its docket." 16 Pa. Code §42.31 (emphasis added); ***see also*** Pa.C.S. § 959 ("Any person claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint, in writing . . ."). Further, "[t]he filing of a Charge Questionnaire with the Equal Opportunity Commission was not sufficient to constitute the filing of a verified complaint with the Pennsylvania Human Relations Commission." Standard Pa. Pract. 2d § 166.869; ***Kellam v. Independence Charter Sch.***, 735 F.Supp. 2d 248, 254-55 (E.D. Pa. 2010) . . . . Federal Courts have distinguished the filing date of the initial questionnaire which would then be incorporated into a formal complaint and the filing date of the formal verified

---

[2] "The complaint may be amended [at any time prior to the approval of a hearing on the merits] to cure technical defects or omissions, to clarify or amplify allegations made therein, or add material allegations which are related to or grow out of the subject matter of the original complaint and these amendments shall relate back to the original filing date of the complaint." 1925(a) Opinion, at 11 (quoting 16 Pa.Code 43.35).

written complaint with the PHRC for purposes of the statute of limitations. ***Altopiedi v. Memorex Telex Corp.***, 834 F.Supp. 800, 806-07 (E.D.Pa.1993) (Permitting a Complaint filed on the 181st day after Plaintiff was fired when he had returned the questionnaire to the PHRC on the 178th day after he was fired and it was the bureaucratic delay of the PHRC which prevented him from filing on time.).[3]

Here, Appellant never signed and returned the written complaint regarding Case No. 201204579, mailed to her by Sheldon N. Murray, Human Relations Specialist, from the PHRC on June 7, 2013, in response to her initial interaction with the PHRC. Appellant failed to sign and return the written complaint regarding Case No. 201204579 even after receiving a second August 5, 2013, letter from Sheldon N. Murray. Thus, the PHRC had no complaint to enter on its official docket, no complaint to serve on the respondents, and no authority to begin its investigation into Appellant's claims. 16 P[.S.] §959. Without an originally filed [c]omplaint, Appellant has nothing for her October 17, 2013, filing to amend. 16 Pa. Code § 42.35(b)("original filing date of the complaint.").

Generally, if "the facts alleged by a plaintiff claiming discrimination should reasonably have led the agency to investigate a claim, he must not lose his day in court because he stubs his toe on a procedural doorstep." ***Bailey [v. Storlazzi]***, 729 A.2d [1206,] 1217 [(Pa.Super.1999)]. Indeed, "under the principles of 'equitable tolling,' a claim filed beyond the 180-day time limit may be permitted where the defendant misleads the plaintiff regarding the cause of action; where extraordinary circumstances prevent the plaintiff from asserting his rights, and where a plaintiff has asserted his right in a timely fashion, but in the wrong forum." ***Uber v. Slippery Rock Univ. of Pa.***, 887 A.2d 362, 366 (Pa.Cmwlth.2005).

---

[3] Decisions from the federal courts, other than the United States Supreme Court, are not binding on this Court, but may be considered persuasive authority. ***Stone Crushed Partnership v. Kassab Archbold Jackson & O'Brien***, 908 A.2d 875, 883 n.10 (Pa.2006).

However, "[c]ourts generally disfavor equitable tolling where the plaintiff missed the deadline because of a lack of due diligence." **Altopiedi**, 834 F. Supp. at 806, relying on **Irwin v. Veterans Affairs**, 498 U.S. 89, 96 (1990). Here, Appellant has not alleged any of the foregoing exceptions. Instead, Appellant demonstrated a lack of due diligence by twice ignoring the requests for her signature on the [c]omplaint generated by the PHRC in response to her initial charge. Appellant's failure to file a written verified complaint with the PHRC was not the result of bureaucratic delay inside the PHRC in generating the [c]omplaint, but rather was "the result of unexcusable neglect" on the part of Appellant. **Altopiedi**, 834 F. Supp. at 806. Without a properly verified complaint, the PHRC could proceed no further with investigation or serving the complaint on the appellees. 43 Pa.C.S.[] §959. Thus, the [c]ourt granted [s]ummary [j]udgment favor of the Appellees as the October 17, 2013, [c]harge of [d]iscrimination with the EEOC was filed outside the 180 day[] statute of limitations for the PHRA claims. Appellant's claims are time-barred and the [c]ourt has no jurisdiction because Appellant failed to exhaust her administrative remedies.

Opinion, filed 12/10/2015, at 9-13 ("1925(a) Opinion") (internal citations to record omitted) (emphasis in original).[4]

The trial court did not abuse its discretion or commit an error of law. Ms. Sule did not file a complaint with the PHRC, and did not respond to two requests from the PHRC to do so. Without such a complaint, the PHRC could

---

[4] Ms. Sule maintains the trial court placed the burden of demonstrating the original filing had been dismissed on her, which, she argues, was error. Appellant's Brief at 15-16. The trial court, however, found Ms. Sule failed to file a complaint with the PHRC prior to the October 17, 2013 dual filing. 1925(a) Opinion at 14. The disposition of the PHRC case number assigned in June, and any burden associated therewith, is irrelevant. **Id.** at 14.

not investigate the matter or serve Appellees with the allegations, and there was no prior filing with the PHRC to which the EEOC complaint could relate back.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2016